IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KRISTIN MCCARY** on behalf of herself, and all other plaintiffs similarly situated, known and unknown,<br><br>v.<br><br>**FACETS OF TOUCH, LLC., AN ILLINOIS LIMITED LIABILITY COMPANY, THEODORE LEWIS, INDIVIDUALLY AND JEANNETTE LEWIS, INDIVIDUALLY**<br><br>Defendants. | **No.** 1:22-cv-<br><br>**Hon.**<br>District Judge<br><br>**Hon.**<br>Magistrate Judge<br><br>***JURY DEMAND*** |

## COMPLAINT

NOW COMES Plaintiff, **KRISTIN MCCARY,** ("Plaintiff"), by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for her Complaint against Defendants, **FACETS OF TOUCH, LLC, THEODORE LEWIS AND JEANNETTE LEWIS** (each a "Defendant", collectively the "Defendants" or "FOT"), state as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq*.

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental state statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the

employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

**III. THE PARTIES**

3. Defendant, **FACETS OF TOUCH, LLC** ("FOT") is a limited liability company that owns and operates a nail salon by the same name. FOT provides manicure, pedicure and other salon, spa and beauty services to appointment and walk-in customers. FOT is located at 19265 Burnham Ave. in Lansing, Illinois.

4. FOT is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

5. During all relevant times, FOT was acting directly or indirectly in the interest of the employer in relation to the worker/employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

6. Defendants, **THEODORE LEWIS AND JEANNETTE LEWIS** (the "Lewis'") are the owners of FOT (any reference to "FOT" in this Complaint shall include Theodore and Jeannette Lewis, such that "FOT" encompasses and refers to all Defendants)**.** Further, Jeannette Lewis was and is the day-to-day manager and primary decisions maker of FOT.

7. In their capacity as owners and operators of FOT, the Lewis' were vested with the authority to implement and carry out the wage and hour practices of FOT. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to the Lewis', who in turn responded to those communications with the authority described above.

8. Thus, at all times relevant hereto, the Lewis' were acting directly or indirectly in the interest of the employer in relation to the employee/worker Plaintiff and therefore as defined under both the federal and state statutes relied upon, are each an "employer".

9. Plaintiff, **KRISTIN MCCARY** (hereinafter referred to as "Plaintiff" or "McCary") is a former worker of Defendants who worked as a receptionist and nail technician from approximately January 2021 to January 2022.

10. Plaintiff worked at Defendants' Lansing, Illinois salon. Plaintiff worked for Defendants as a receptionist from approximately January 2021 to February 2022. Plaintiff worked for Defendants as a nail technician from approximately February 2021 until January 2022.

11. During Plaintiff's entire employment, FOT improperly classified Plaintiff as a 1099 independent contractor and compensated Plaintiff on a commission basis and as such, illegally failed to compensate her proper minimum wages and overtime pay for hours worked over 40 per work week.

12. FOT also improperly deducted their own expenses and costs from Plaintiff's pay without receiving proper, contemporaneous authorizations from Plaintiff, including through failure to use compliant deduction authorization forms.

13. All other unnamed Plaintiffs, known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present salon workers who work or worked for Defendants and were also a) improperly classified as 1099 independent contractors b) denied minimum and overtime wages resulting from Defendants' commission compensation plan and c) suffered unauthorized deductions from pay.

14. As workers/employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

IV. **STATUTORY VIOLATIONS**

**Fair Labor Standards Act**

15. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of herself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* by failing to pay minimum and overtime wages. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

16. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid minimum and overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Illinois Wage Payment and Collection Act**

17. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count VI of this action is brought by Plaintiff to recover from Defendants unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

18. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

19. Plaintiff, on a regular basis within the dates of employment referenced above, worked without pay at the required minimum wage rate(s) imposed by federal and state law, and worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for hours worked over 40 pursuant to the requirements of the federal and state statutes relied upon herein.

20. Plaintiff was employed by FOT from approximately January 2021 to January 2022.

21. Plaintiff worked for FOT as a receptionist for approximately the first month of her employment while she obtained her nail technician certification.

22. After obtaining her nail technician certification, Plaintiff began working for FOT as a nail tech. Plaintiff worked for FOT in this capacity from approximately February 2021 until January 2022.

23. As a nail tech, Plaintiff performed general nail tech/salon duties, including providing manicures, pedicures, facials and other beauty, salon and spa services for FOT's customers.

24. For the majority of Plaintiff's employment, Plaintiff was typically scheduled for a minimum of thirty (30) hours per week. During holiday seasons and other peak periods (Thanksgiving, Christmas, etc.), Plaintiff worked in excess of forty (40) hours per week. However, Plaintiff was not paid proper minimum wages or overtime wages of one and one-half her regular rate of pay in workweeks she exceeded 40 hours of work.

25. Plaintiff was paid by commission-only. Upon information and belief, Plaintiff was paid approximately 55-60% of the cost of the service/sale performed.

26. Plaintiff earned minimal tips for performing nail services. Plaintiff earned tips through credit cards or cash. Only credit card tips were reflected in FOT's payroll records. Plaintiff was permitted to keep cash tips. Plaintiff earned approximately $20 to $30 in tips per week.

27. Plaintiff's was paid approximately $200 per week for 30+ hours of work, such that Plaintiff's regular rate almost always fell below the minimum wage required by federal and state law.

28. In late-May, early-June 2021, Plaintiff took approximately four (4) weeks off work for unpaid maternity leave. Upon return, Defendants implemented changes to their pay practices. Upon Plaintiff's return to work, Plaintiff was required to sign a contract styled as an "employee commission contract" (the "Contract").

29. The Contract stated that Plaintiff would receive commissions of approximately 55-60% of the services performed as regular wages. Defendants began assigning Plaintiff specific start and end times for each shift, totaling at least 30-40 hours per week. Following the implementation of the Contract, Defendants required Plaintiff to take on additional duties such as cleaning and scheduling, for which she was not paid directly, since these duties did not involve performance of commissioned services for customers.

30. As a result of Defendants' commission-based compensation plan, Plaintiff was only paid when she was actively working with a customer. Plaintiff was not compensated for time spent at Defendants' salon performing other duties, such as cleaning, scheduling, or time spent awaiting customers.

31. Following Defendants' implementation of the Contract, Plaintiff's pay remained about $200 to $300 per week for 30 or 40 hours. During peak seasons and holidays, Plaintiff's pay averaged $400-$500 for 40+ hours of work. Plaintiff did not receive overtime compensation of one and one-half times her regular rate of pay. Even after Defendants' implementation of the Contract, Plaintiff's wages fell below the minimum and overtime rates required by federal and state law.

32. FOT made improper deductions from the pay of Plaintiff and other similarly situated workers. FOT would deduct business expenses and other amounts incurred by Defendants and illegally pass them off to Plaintiff and other workers in the form of wage deductions.

33. Defendants routinely made deductions from Plaintiff's pay. Defendants would deduct $5 from Plaintiff's pay for each coupon presented by customers for discounted salon services, as well as other amounts to cover and otherwise offset the cost of Defendants' online reservation platform.

34. FOT executed these deductions without a contemporaneous deduction authorization form as required by law and the IWPCA. Further, Defendants executed the deductions outside of the framework of their payroll system and software such that the deductions were not reflected on Plaintiff's paystubs.

35. Plaintiff made numerous complaints to FOT, including the Lewis', about Defendants' deduction practices. Plaintiff made these complaints both in-person and text message. When Plaintiff confronted Defendants about their illegal deduction policies, Defendants confirmed that the deductions took place but failed to take any action to remedy the practice.

36. Lastly, FOT improperly designated Plaintiff as a 1099 independent contractor and her him through the commission structure as detailed above. As a result of Defendants' misclassification of Plaintiff as a 1099 independent contractor, FOT improperly denied Plaintiff overtime wages and contributions to Social Security, Medicare, Medicaid, unemployment insurance, etc.

37. Throughout her time working for Defendants, Plaintiff:

    a) worked only for Defendants and did so on an open-ended and permanent basis,

    b) did not make a substantial investment in the business, facilities or equipment,

    c) did not hold herself out to the community as a professional for hire in a particular trade or industry,

    d) had no opportunity for profit or loss based on the quality of her work,

    e) did not control the nature of her work or work schedule or how her work was to be performed,

    f) did not engage in open market competition with other contractors in the same or similar trade or industry, or

    g) operate an independent business organization or operation.

38. As such, Defendants' classification of Plaintiff and other salon workers as independent contractors was illegal and improper. Plaintiff and similarly situated workers should have been classified as W2 employees entitled to hourly pay, overtime and other benefits of full-fledged employment, including employer contributions to Social Security, Medicare, Medicaid, etc.

39. Throughout the duration of Plaintiff's employment, she was improperly compensated by commission-only and denied legally mandated minimum wages, overtime wages and contributions to employee benefit programs. Further, Defendants illegally deducted certain amounts from Plaintiff's wages.

40. As detailed above, Plaintiff, nor any worker working for FOT, performed duties that would satisfy any exemptions to minimum or overtime wages permitted by the FLSA or IMWL. Rather, Plaintiff and others that worked for FOT should have been paid hourly and received one and one-half their hourly rates of pay for all hours worked in excess of 40 in individual work weeks.

41. Similarly, Plaintiff and similarly situated workers were not exempt from the protections of the IWPCA.

42. Based upon information and belief of Plaintiff, FOT paid all workers in the same manner Plaintiff was paid.

43. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

44. The claims brought herein by the named Plaintiff is based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present workers who were subject to the same non-compliant policies

and practices alleged herein. Those past and present workers are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-44. Paragraphs 1 through 44 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 44 of this Count I.

45. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, during the two (2) years preceding the filing of this action, are entitled to compensation for all hours worked at a rate not less than the mandated minimum wage and, for all hours worked in excess of forty (40) hours per workweek, one and one-half times the required minimum wage in any week.

46. Defendants have, during certain times relevant hereto, failed and refused to pay compensation to their employees including the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid minimum wage and overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid minimum wages and overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-46. Paragraphs 1 through 46 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 46 of Count II.

47. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

48. Pursuant to the Fair Labor Standards Act, Plaintiff and all others similarly situated, past or present, are entitled to compensation at a rate not less than the minimum wage and one and one-half times the minimum wage for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) prejudgment interest with respect to the amount of unpaid minimum and overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-48. Paragraphs 1 through 48 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 48 of Count III.

49. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to wages under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

50. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-50. Paragraphs 1 through 50 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 50 of this Count IV.

51. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

52. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of minimum and overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

53. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

54. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

  (d)  directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

  (e)  for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

  1-54.  Paragraphs 1 through 54 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 54 of this Count V.

  55.  Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

  56.  Plaintiffs, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

  57.  Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

  58.  During the course of employment of Plaintiff and the Plaintiff class, Defendants made deductions from Plaintiff's wages to cover the cost of customer coupons/discounts, Defendants' reservation platform and other similar costs.

  59.  Such deductions (1) were not required by law; (2) were not to the benefit of Plaintiff or the Plaintiff Class; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant authorization form, signed and dated by Plaintiff or members of the Plaintiff Class.

  60.  Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from wages.

  61.  Plaintiffs were damaged by Defendants' violation of the IWPCA.

62. Plaintiff seeks certification of the IWPCA violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding them:

(a) A judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due to Plaintiffs;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

Respectfully submitted,

*Electronically Filed 03/31/2022*

/s/ Samuel D. Engelson

---

Samuel D. Engelson

John W. Billhorn
Samuel D. Engelson
Attorney for Plaintiff, and all other
Plaintiffs similarly situated, known or
unknown.

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450