**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KRISTIN MCCARY, et al.,
                Plaintiffs,

        v.

FACETS OF TOUCH, LLC, an Illinois limited
liability company,

                Defendant.

Case No. 1:22-cv-01681

Hon. Maria Valdez

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**

Defendant, Facets of Touch, LLC, and Plaintiffs, Kristin McCary, Ashley Baker, and Jenita Reed, hereby jointly move the Court to approve the Parties' settlement in this matter. In support of their Motion, the Parties state the following:

1. In their Complaint, Plaintiffs allege that Facets of Touch, LLC, and former individual defendants Jeanette Lewis and Theodore Lewis (collectively, "Defendants"), violated the Fair Labor Standards Act (FLSA), Illinois Minimum Wage Law (IMWL) and Illinois Wage Payment and Collection Act (IWPCA) by failing to pay Plaintiffs all wages due to them under the FLSA, IMWL, and IWPCA.

2. Defendants deny that Plaintiffs are owed additional compensation and deny any violation under the FLSA, IMWL or IWPCA. Defendants further dispute Plaintiffs' calculations of the amounts allegedly owed.

3. Defendant Facets of Touch, LLC has provided Plaintiffs' counsel extensive documentation including but not limited to time and payment records for Plaintiffs for the period at issue in the Complaint, as well as tax records. Plaintiffs' counsel has invested significant time and effort in conferring with each of the Plaintiffs, calculating the amounts that they believe

1

Plaintiffs are owed, and assessing the risks and benefits associated with continued litigation of Plaintiffs' claims.

4.      There are *bona fide* disputes between Plaintiffs and Defendants regarding key issues including but not limited to the number of overtime hours, minimum wages and wage deductions for which Plaintiffs claim they are entitled to compensation, whether any alleged violation of the FLSA was "willful," and the manner of calculating any alleged back pay and additional damages.

5.      Through their counsel, Plaintiffs and Defendants engaged in extensive settlement negotiations, including exchanges of written correspondence and multiple telephone and video conferences, including video settlement conferences before this Court.

6.      As a result of negotiations between Defendants and Plaintiffs facilitated by this Court, each of the Plaintiffs have separately agreed to settle their claims against Defendants. The terms of their respective agreements are memorialized in a separate Confidential Settlement Agreement and Release entered into with each Plaintiff (referred to herein as the "Settlement Agreements"), copies of which are attached hereto as Exhibit A.

7.      The Settlement Agreements provide for, among other things, payment of back wages to each of the three Plaintiffs and payment of certain attorneys' fees and court costs. Plaintiffs and Plaintiffs' counsel believe that the amounts to be paid to each of the Plaintiffs represent a reasonable compromise of Plaintiffs' claims based upon the parties' respective assessments of the hours worked by each Plaintiff, the payroll records produced by Defendants, the strengths and weaknesses of Plaintiffs' claims and Defendants' defenses, the inherent risks of litigation, and the ability of Defendants to satisfy any judgment that Plaintiffs might obtain.

8.     When an employee brings a private action against his employer or former employer under the FLSA, IMWL, or IWPCA, a wholly private settlement between the parties is generally not enforceable. Consequently, in such a situation the parties present to the Court a proposed settlement, so the Court may enter a stipulated judgment dismissing the case after examining the settlement to ensure that it is a fair and reasonable resolution of a *bona fide* dispute under the FLSA. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

9.     The Parties agree and stipulate that the Settlement Agreements are fair and reasonable resolutions of *bona fide* disputes both as to liability and the amount of any compensation and statutory or liquidated damages allegedly owed under the FLSA, IMWL and CMWO, including Plaintiffs' attorneys' fees and costs. Accordingly, the Parties ask the Court to enter an order approving the Settlement Agreements.

10.     The Parties further request that the Court dismiss the Lawsuit without prejudice and retain jurisdiction over this matter for forty-five days after its approval of the Settlement Agreements for the sole purpose of enforcing the Parties' Settlement Agreements.  If no party files a motion to enforce the Settlement Agreements or related motion within that period, the Parties request that the Court dismiss this case with prejudice, with the parties to bear costs and attorneys' fees as set forth in the Settlement Agreements.

WHEREFORE, the Parties respectfully ask the Court to approve the Settlement Agreements between Plaintiffs and Defendants. Upon approval of the Settlement Agreements, the Parties ask the Court to dismiss this case without prejudice, and to order that the dismissal will convert to a dismissal with prejudice 45 days after the date of the dismissal order, unless any Party

files a motion to reinstate the case for the sole purpose of enforcing one or more of the Settlement

Agreements.


Respectfully submitted,


**KRISTIN MCCARY, ASHLEY BAKER,**    **FACETS OF TOUCH, LLC, Defendant.**
**and JENITA REED, Plaintiffs.**

By:  /s/ Samuel D. Engelson          By:  /s/William R. Pokorny
     sengelson@billhornlaw.com            wrp@franczek.com

John William Billhorn               William R. Pokorny
Samuel D. Engelson                 Franczek P.C.
Billhorn Law Firm                  300 South Wacker Drive, Suite 3400
53 West Jackson Blvd., Suite 840      Chicago, Illinois 60606
Chicago, IL 60604                 (312) 986-0300
(312) 853-1450                    *E-Mail:*  *wrp@franczek.com*
*E-Mail: jbillhorn@billhornlaw.com*
*E-Mail: sengelson@billhornlaw.com*

Dated:  July 31, 2023